UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID MCDONALD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRUSTEES OF INDIANA UNIVERSITY, in their official capacities, TRUSTEES OF PURDUE UNIVERSITY, in their official capacities; <br><br> Defendants, <br><br> STATE OF INDIANA, <br><br> Intervenor. | Case No. 1:24-cv-1575-RYL-CSW |

**INTERVENOR'S RESPONSE TO PLAINTIFFS' OBJECTION TO BILL OF COSTS**

This is now the second time that Plaintiffs have challenged Senate Enrolled Act 202 (S.E.A. 202 or the Act), and the second time that Plaintiffs have been unsuccessful for the same reason—they sued based on speculative apprehensions bereft of any objectively reasonable basis. *See Carr v. Trs. of Purdue Univ.*, No. 1:24-CV-00772-SEB-MJD, 2024 WL 3819424, at *4–7 (S.D. Ind. Aug. 14, 2024); Dkt. 53 at 12–19. Although Plaintiffs have twice forced the State to incur transcript costs that it would not otherwise have incurred, Plaintiffs object to taxing costs under Federal Rule of Civil Procedure 54(d). Dkt. 64. That objection should be overruled.[1]

---

[1] Rule 54(d)(1) indicates that, after the clerk taxes costs, a party may seek judicial review by motion. Plaintiffs have filed an objection before the taxation of costs. The State construes this objection as a premature motion for judicial review and accordingly submits this response.

1

Rule 54(d)(1) allows costs to prevailing parties "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). That rule creates "a heavy presumption in favor of awarding costs to the prevailing party." *Majeske v. Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Plaintiffs do not dispute the State is a prevailing party. *See Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000) ("We hold that when a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party.'"). Instead, they argue that 28 U.S.C. § 1919 displaces the presumption of awarding costs to a prevailing party where a case is dismissed on jurisdictional grounds. Dkt. 64 at 1–2.

Although some courts in this District have held that § 1919 displaces Rule 54(d)(1)'s presumption in favor of awarding costs, *see, e.g.*, *Cooper v. Vaught*, No. 1:17-cv-01114-JRS-MPB, 2019 WL 5965308, at *2 (S.D. Ind. Nov. 12, 2019), that reasoning does not withstand scrutiny. "Rule 54(d) can be displaced only by a federal statute that is contrary to the Rule." *Armstrong v. BNSF Ry. Co.*, 880 F.3d 377, 383 (7th Cir. 2018). As the Supreme Court explained in *Marx v. General Revenue Corp.*, 568 U.S. 371 (2013), a statute is "contrary to" the Rule only "if it limits th[e] discretion" that the Rule confers. *Id.* at 377. A statute may limit discretion by "preclud[ing] a court from awarding costs to prevailing defendants" or by "providing that plaintiffs may recover costs only under certain conditions." *Id.* at 377–78. A statute, however, "providing that 'the court may award costs to the prevailing party' . . . is not contrary to the Rule because it does not limit a court's discretion." *Id.* at 378; *see also id.* at 380–81 (holding a statute providing for costs on a finding of bad faith and for purposes of harassment did not limit the court's discretion).

Section 1919 does not limit a court's discretion to tax costs. That statute provides that, "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court *may* order the payment of just costs." 28 U.S.C. § 1919 (emphasis added). Section 1919,

however, does not "preclude[] a court from awarding costs to [a] prevailing defendant[]" or specify that costs may be awarded to a defendant "only under certain conditions." *Marx*, 568 U.S. at 377. Rather, § 1919 simply clarifies that a district court "has the power to tax costs even though it has no jurisdiction to entertain the action." *Mashak v. Hacker*, 303 F.2d 526, 527 (7th Cir. 1962). And as the Supreme Court has emphasized, "[a] statute providing that 'the court may award costs to the prevailing party'"—as § 1919 does—"is not contrary to the Rule." *Marx*, 568 U.S. at 378; *see* C. Wright & A. Miller, *Federal Practice & Procedure* § 2670 (4th ed.) (agreeing that § 1919 is "not inconsistent with the discretion given the district court by Rule 54(d)").

Even if § 1919 displaced Rule 54(d)(1)'s presumption of awarding costs, an award of costs would still be proper under the circumstances here. Plaintiffs' only objection to awarding costs is that the "Court did not reach the merits of [their] claims." Dkt. 64 at 3. But § 1919 provides that costs are taxable in cases dismissed for lack of jurisdiction. And the Seventh Circuit has upheld the practice of "tax[ing] costs"—including costs "incident to the taking of a deposition"—where a case is later "dismissed for lack of jurisdiction." *Mashak*, 303 F.2d at 527. That decision reflects the commonsense principle that a defendant should not be penalized for a plaintiff's decision "to bring" suit "before the action was ripe." *Otay Land Co. v. U.E. Ltd., L.P.*, No. 03-cv-2488, 2012 WL 1899799, at *3 (S.D. Cal. May 24, 2012). The Court should award the State the costs of obtaining transcripts necessary for defending against Plaintiffs' claims in this case.

It would be especially inequitable to deny an award of costs because Plaintiffs were on notice that they lacked standing and ripe claims. In Plaintiffs' first challenge to S.E.A. 202, this Court held that these very Plaintiffs lacked standing to challenge S.E.A. 202 itself because the statute regulates universities, not professors directly. *See Carr*, 2024 WL 3819424, at *6. Yet in this action, Plaintiffs again sought to challenge S.E.A. 202 itself, which prompted the Court to hold

3

that Plaintiffs lacked standing to do so, just as "the court previously held in *Carr*." Dkt. 53 at 14. Similarly, in their first challenge to S.E.A. 202, this Court ruled that Plaintiffs lacked standing to challenge initial university efforts to comply with S.E.A. 202 "[a]bsent the formulation and enforcement" of "final policies." *Carr*, 2024 WL 3819424, at *6. Yet in this suit, Plaintiffs once again sought to challenge interim policies before any enforcement, prompting this Court to dismiss the claims a second time for essentially the same reasons. *See* Dkt. 53 at 14–19.

The Court should award the costs claimed in the bill of costs.

Date: August 19, 2025

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana

/s/ James A. Barta
James A. Barta
Solicitor General

Jenna M. Lorence
Deputy Solicitor General

Katelyn E. Doering
Deputy Attorney General

Office of the Attorney General
302 W. Washington St., IGCS 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov

*Attorneys for Intervenor the State of Indiana*